*Court of Common Pleas, Lebanon County, June 28th, 1867.*

## WEIMER *v.* WEIMER.

In an action for a divorce, when the respondent proposes to defend by proving adultery on the part of the libellant, he must give a full and complete notice of the special matter about to be proved, having been notified in writing so to do, or the evidence will be rejected on the trial. A notice that merely states the acts to have taken place at certain places, naming them, between certain undefined periods, is not sufficient.

The fact that this evidence was not known to the respondent until the Saturday before the Monday on which the court met is no excuse. This is not after-discovered evidence, upon account of which the court will grant a new trial.

BY THE COURT.—All of the reasons assigned, and those raised on the argument of the motion for a new trial in this case have been carefully considered. On the trial of the cause three questions arose: *First.* Was the wife guilty of the adultery charged? This was established beyond any reasonable doubt. *Second.* Was there condonation on the part of the husband? That question was fairly submitted to the jury on all of the evidence, and determined (as we conceive correctly) against the respondent. *Third.* The wife endeavored to recriminate by proving that the husband had been guilty of similar acts of infidelity on his part. How far she might have succeeded had her evidence been received, we are unable to say; but the court decided that according to the rules of law it must be rejected, no proper notice having been furnished to the libellant of the matter intended to be proved, as required by the rules of practice, on the respondent being notified so to do. Whether the evidence was or was not properly rejected is the principal question now to be considered. We thought on the trial, and still think, the notice of special matter furnished the libellant was too vague and loose, and insufficient to justify the introduction of the evidence offered. The safety of suitors requires that these notices should be definite and certain. More than one hundred years ago Lord Hardwicke, then Chief Justice of England, declared "that these notices should be almost as certain as special declarations;" the legislature designed them to be in the nature of cross actions, and they

should be expressed with great certainty, that the plaintiff might be able to make a proper defence to them (Buller's *Nisi Prius*, 179; 1 Sellon's Prac. 329). To the same effect is the law as stated in Gilpin *v.* Howell (5 Barr, 53), where it is said, "The rule of practice, which sanctions a call for particulars, has for its object *definite information* to the antagonist party of the cause of action." To this may be added 2 Saund. on Pl. and Ev. 699; 3 Pick. 436; 3 W. & S. 61. In Moatz *v.* Knox (1 Jones, 270), it is said, "The sole object of notice is to give the adverse party an opportunity of testing the accuracy of the facts sworn to, by inquiries made at the place, and about the time they transpired." And again, "The main facts, places, etc., ought to be specified, to give the opposite party an opportunity of examination and scrutiny." This general doctrine has always been applied to both libellants and respondents in proceedings in divorce. Each may be required to accurately specify the particulars relied on by way of claim or defence; and it has superseded in this State the long and complicated recitals customary in the ecclesiastical courts. Butler *v.* Butler (1 Parsons, 332). The notices served on the libellant in this case of the intended proof of acts of adultery, are of the most loose and uncertain character, not calculated to inform the party of either the place or person with whom the adultery was committed, so as to enable him to meet the charge. They merely state such acts to have transpired in Philadelphia, in Reading, and at Lebanon, between certain undefined periods, are little more certain than the general charge contained in the answer, and furnish no such information as would enable him to meet the allegations by proof. We consider that the evidence was properly rejected. It is urged, however, that the notice was as full as could be furnished, nothing more definite being known at the time. It is the misfortune of a party not to be able to ascertain the facts in the cause, and sometimes equally unfortunate, when they are unable to procure the proof; but their adversary must not suffer for their want of definite knowledge. In this case it is conceded that the name of every witness, and the facts to be proved by them, were known to defendant's counsel on the Saturday before the April court at which the cause was tried. Yet no notice was then given. Had it been done, and the libellant objected on account of the brevity of notice, it might have been good ground for a continuance.

Lastly. We are asked to grant a new trial on account of after-discovered evidence; and the *ex parte* depositions of several females have been read on the hearing of the motion. The facts all appear to have been known before the trial, and the witnesses were in attendance; but their testimony was rejected for want of legal notice, as already stated. This can in no sense be called "after-discovered evidence." To entitle it to be so considered, it

must appear that the fact, or the ability to prove it, was unknown to the party. Even the failure of his witnesses to attend is no ground for an application, for a postponement should be requested. It must not be merely cumulative or corroborative evidence, which this is, tending to establish the same fact to be proved by Dr. Guilford; and it must be of such a character as would probably produce a different result, of which we are by no means certain from the nature of the evidence contained in the depositions or the character of the witnesses. The depositions are themselves entirely inadmissible on the hearing, having been taken ex parte, and could only be used as the foundation of the motion.

We cannot grant new trials on account of mistakes or want of knowledge of either counsel or client; and as in our opinion the substantial merits of the present case have been reached, we should not promote the cause of public morals, by permitting a re-examination of the facts adduced on the late hearing.

The motion for a new trial is refused.

*Gobin,* for plaintiff.

*Derr,* for defendant.