# Talley *v.* Talley, Appellant.

*Divorce—Adultery—Evidence of wife's good character.*

In a suit for divorce by a husband against a wife, where the ground is adultery, evidence of the wife's good reputation for virtue and chastity is inadmissible.

*Divorce—Adultery—Evidence—Misconduct of husband—Act of March 13, 1815, sec. 7, 6 Sm. L. 286—Condonation.*

In a suit by a husband against his wife for divorce on the ground of adultery, it is error to reject an offer to prove that the husband had also committed adultery during the marital relation.

Not decided whether the wife could so condone the offense of the husband as to give the husband a right to a divorce for the subsequent adultery of the wife.

In a suit for divorce on the ground of adultery, respondent requested the court to charge as follows: The two essential elements of the offense are, first, opportunity, and second, adulterous desire or inclination of the parties charged. If these two facts appear in conjunction, you are at liberty to draw an inference of adultery provided you are satisfied thereof by a preponderance of the evidence, and believe the testimony offered in support of the charge. Either of these two facts alone would not be enough to justify you in returning a verdict against the defendant, and if you find that either is absent, your verdict must be in her favor. *Held,* that the court committed no error in refusing to affirm the point, while referring the jury to the general charge where adequate instructions were given.

Argued Oct. 5, 1905. Appeal, No. 103, Oct. T., 1905, by respondent, from judgment of C. P. No. 5, Phila. Co., March T., 1904, No. 12, on verdict for libelant in case of John E. Talley *v.* Susan E. Talley. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Libel for divorce. Before RALSTON, J.

At the trial the respondent made the following offer:

I offer to prove by two witnesses, who knew Mrs. Talley continuously up to the date of the trouble with her husband, that she had always borne a good reputation for virtue and chastity.

Objected to. The answer to said offer being as follows : Objection sustained Exception for defendant. [1]

I offer to prove that the plaintiff, John E. Talley, on or about September 10, 1901, while living with the respondent as man and wife, committed the crime of adultery.

536      TALLEY *v.* TALLEY, Appellant.

Statement of Facts—Assignment of Error. [29 Pa. Superior Ct.

The answer to said offer being as follows:

The court, addressing the witness:

" Q. When did you know of this? A. I knew from the condition of his clothes. Q. When? A. September 10. Q. The same night ? A. Yes, sir. Q. And you lived with him as his wife after that? A. Yes, sir. Q. For two years? A. Yes, sir."

Offer objected to. Objection sustained. Exception for defendant. [2]

Respondent presented these points:

11. If you believe, from the testimony, that the plaintiff, during the continuance of his married relations with the defendant, had been guilty of the like crime of adultery with which he has charged her in the libel filed, it is a good defense to this suit, and your verdict must be for the defendant.

*Answer :* The defendant's points are declined upon the ground that they are sufficiently covered in the general charge. [3]

8. The two essential elements of the offense are, first, opportunity; and second, adulterous desire or inclination of the parties charged. If these two facts appear in conjunction, you are at liberty to draw an inference of adultery provided you are satisfied thereof by a preponderance of the evidence, and believe the testimony offered in support of the charge. Either of these two facts alone would not be enough to justify you in returning a verdict against the defendant, and if you find that either is absent, your verdict must be in her favor.

*Answer :* The defendant's points are declined upon the ground that they are sufficiently covered in the general charge. [4]

9. Mere friendly, indiscreet or suspicious conduct does not sufficiently show the guilty desire. Such actions must be considered with reference to the ethical standards of the party's social equals. Appearances and circumstances equally capable of two interpretations should be decided in favor of the inference of innocence. *Answer :* Refused. [5]

Verdict and judgment for libelant. Respondent appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3-5) above instructions, quoting them.

*Louis B. Runk*, with him *John R. Read, Silas W. Pettit* and *H. B. Gill*, for appellant.—The court erred in refusing to permit witnesses to testify on behalf of the respondent as to character: O'Bryan v. O'Bryan, 13 Mo. 16 ; Clement v. Kimball, 98 Mass. 535 ; Marble v. Marble, 36 Mich. 386 ; Derby v. Derby, 21 N. J. Eq. 36, 39 ; Noel v. Noel, 24 N. J. Eq. 137, 140 ; Thomas v. Thomas, 51 Ill. 162 ; Hilker v. Hilker, 153 Ind. 425 (55 N. E. Repr. 81) ; DuBose v. DuBose, 75 Ga. 753 ; Engleman v. Engleman, 97 Va. 487 (34 S. E. Repr. 50).

In Pennsylvania the right to offer evidence relating to character in a divorce suit has never been passed upon before so far as the reports show, but such evidence is admissible in other civil actions where character is directly in issue from the nature of the action, e. g. : Libel, Henry v. Norwood, 4 Watts, 347 ; Defamation, Conroe v. Conroe, 47 Pa. 198 ; Moyer v. Moyer, 49 Pa. 210 ; Breach of promise; Van Storch v. Griffin, 71 Pa. 240 ; Drown v. Allen, 91 Pa. 393 ; Glace v. Hummel, 24 Pa. C. C. Rep. 550 ; Hurtzig v. Hurtzig, 44 N. J. Eq. 329 (15 Atl. Repr. 537) ; Hickerson v. Hickerson, 52 S. W. Repr. 1019 ; Helmes v. Helmes, 24 Misc. 125 (52 N. Y. Supp. 734) ; Winston v. Winston, 165 N. Y. 553 (59 N. E. Repr. 273).

The learned judge, who tried the cause, erred in refusing to permit testimony to be given to prove that the plaintiff, John E. Talley, had committed the like crime of adultery : Costello v. Costello, 191 Pa. 379 ; City of Pittsburg v. Kalchthaler, 114 Pa. 547 ; Bronson v. Bronson, 7 Phila. 405 ; D'Aguilar v. D'Aguilar, 1 Hagg. Eccl. 773 ; Beeby v. Beeby, 1 Hagg. Eccl. 789 ; Peck v. Peck, 44 Hun, 290 ; Clapp v. Clapp, 97 Mass. 531 ; Morrison v. Morrison, 62 Mo. App. 299 ; Lawlor v. Lawlor, 76 Mo. App. 637 ; Tracey v. Tracey, 43 Atl. Repr. 713 ; Keats v. Keats, 1 Sw. & Tr. 334 ; Cameron v. Cameron, 42 Tenn. 375 ; Dismukes v. Dismukes, 1 Tenn. 266.

The learned judge who tried the cause, erred in refusing the defendant's eighth point : Brown v. Brown, 63 N. J. Eq. 348 (50 Atl. Repr. 608) ; Berckmans v. Berckmans, 17 N. J. Eq. 453 ; Yocum v. Yocum, 3 Pa. Dist. Rep. 615 ; Inskeep v. Inskeep, 5 Ia. 204 ; Berckmans v. Berckmans, 16 N. J. Eq. 122 ; Conger v. Conger, 82 N. Y. 603 ; Mayer v. Mayer, 21 N. J. Eq. 246 ; Jones v. Jones, 18 N. J. Eq. 33 ; Osborn v. Osborn, 44 N. J. Eq. 257 (9 Atl. Repr. 698).

*Avery D. Harrington*, with him *Herbert M. Boyer*, for appellee.—It has been held, not only in Pennsylvania, but in other states and in England, that direct evidence is not necessary to sustain the charge of adultery: Hurtzig v. Hurtzig, 44 N. J. Eq. 329 (15 Atl. Repr. 537); Loveden v. Loveden, 2 Hagg. Con. 1; Matchin v. Matchin, 6 Pa. 332; Wilson v. Wilson, 154 Mass. 194 (28 N. E. Repr. 167); Daily v. Daily, 64 Ill. 329; Jayne v. Jayne, 5 Misc. 307 (25 N. Y. Supp. 810).

The court did not err in refusing to admit testimony to the effect that the libelant had always borne a good reputation for virtue and chastity: O'Bryan v. O'Bryan, 13 Mo. 16; Dudley v. McCluer, 65 Mo. 241; Engel v. Dressel, 26 Mo. App. 39; Home Lumber Co. v. Hartman, 45 Mo. App. 647; Porter v. Seiler, 23 Pa. 424; Ins. Co. v. Hazen, 110 Pa. 530.

The court did not err in refusing to permit the respondent to give testimony that the libelant had committed the like crime of adultery, respondent having lived with libelant as his wife for a period of two years after her knowledge of the alleged adultery on the part of the libelant: Keats v. Keats, 1 Sw & Tr. 334; Bronson v. Bronson, 7 Phila. 405.

OPINION BY MORRISON, J., December 11, 1905:

This was a libel in divorce a. v. m. on the ground of adultery, the issue being made by an answer on the part of the respondent denying the charge and demanding a jury trial. Before trial and verdict the respondent filed a supplemental answer, by leave of court, setting up the adultery of the libelant during his marital relations with her as a statutory defense and demanding a jury trial as to the additional issue thus joined, but the court refused to allow any evidence to be given in support of this charge. The result of the trial was a verdict in favor of the libelant, and a final decree in divorce having been granted the respondent appealed to this court.

The record contains five quite lengthy assignments of error, but they can all be considered under three heads: (1) the refusal of the court to hear testimony as to the respondent's character for virtue and chastity; (2) the refusal of the court to admit testimony that the libelant had committed the crime

of adultery during the term of his marital relations with the respondent; and (3) whether the learned trial judge failed in his charge to adequately instruct the jury on the law as raised in the respondent's eighth and ninth points.

At the trial counsel for the respondent offered to prove by two witnesses, who knew Mrs. Talley continuously up to the date of the trouble with her husband, that she had always borne a good reputation for virtue and chastity. This offer was objected to and the court sustained the objection and allowed an exception to the respondent. It must be conceded that this question is not without difficulty. The action in divorce grounded on adultery is said to be a civil action, yet it partakes very largely of the nature of a criminal prosecution.

In Garrat v. Garrat, 4 Yeates 244, Yeates, J., in pronouncing the opinion of the court in regard to a charge of adultery in a divorce case, said : " I perfectly concur in opinion with the judges who tried the issues in this libel, that it would be highly dangerous to the citizens in general if they were compelled to answer to criminal charges without being informed of the specific offenses against which they were called upon to defend themselves.

" Common sense is in unison with the constitution when it declares that, in all criminal prosecutions, the accused hath a right to be heard by himself and counsel, and to demand the nature and the cause of the accusation against him." There we find a plain declaration to the effect that an action for divorce founded on a charge of adultery is a criminal charge or prosecution.

In Matchin v. Matchin, 6 Pa. 332, GIBSON, C. J., said (p. 336): " A libel for divorce is said to partake of the nature of a criminal proceeding, but the primary intent of it is undoubtedly to keep the sources of generation pure, and when they have been corrupted, preventative remedy is to be applied without regard to the moral responsibility of the subject of it." This was said in reference to an action in divorce founded on adultery, and it is another declaration of our Supreme Court that such action is of the nature of a criminal proceeding.

In 1 Greenleaf on Evidence, sec. 54, it is said : " To this rule may be referred the admissibility of evidence of the gen-

eral character of the parties. In civil cases such evidence is not admitted, unless the nature of the action involves the general character of the party, or goes directly to affect it. Thus, evidence impeaching the previous general character of the wife or daughter in regard to chastity is admissible in an action by the husband or father for seduction ; and thus, again, may be rebutted by counter proof. . . . And, generally, in actions of tort, whenever the defendant is charged with fraud from mere circumstances, evidence of his general good character is admissible to repel it."

In 2 Bishop ·on Marriage & Divorce, sec. 644, it is said : " The principle which best commends itself to reason and modern authority is, that the rules of evidence are the same in civil and criminal causes, when the issue, which is the test, is the same. And elsewhere it is held, for example, in an action of slander wherein the defendant pleads the truth in justification, that the plaintiff in reply to the defendant's testimony, may introduce evidence of his good character, in analogy to the rule prevailing in criminal proceedings. And the doctrine, as applicable to civil and criminal suits, has been well expressed by Chancellor Walworth to be, that, if a party is charged with a crime, or any other act involving moral turpitude, which is endeavored to be fastened upon him by circumstantial evidence or by the testimony of witnesses of doubtful credit, he may introduce proof of his former good character." See also sec. 645 : " The practice of the courts generally in divorce suits has been to receive evidence of character to an extent somewhat beyond even the practice of common-law courts in criminal cases. . . . In Ohio it was laid down, in an adultery divorce suit, that the complainant's general reputation for chastity is always in issue, in cases of this sort."

In Nash v. Gilkeson, 5 S. & R. 352, there was an action of assumpsit, and the defendants, conceiving that the evidence given by plaintiff intended to impeach the honesty of Gilkeson, their testator, brought out in cross-examination of one of the plaintiff's· witnesses the general character of Gilkeson. GIBSON, J., speaking for the court, said : " There cannot be the least doubt but the evidence was improperly received ; Gilkeson's general character was not put in issue by the nature of the action, and it never was pretended that when a party is

incidentally charged by the evidence with the commission of a particular fraud, that the charge can be rebutted by evidence of general good character."

In Zitzer v. Merkel, 24 Pa. 408, which was an action on the case by a father for the seduction of his minor daughter by the defendant, evidence of the good character of the daughter was offered and received in evidence, but the Supreme Court reversed the judgment for this reason.

A general review of the cases in Pennsylvania does not satisfy us that the court erred in excluding the evidence of the previous good character of the respondent for virtue and chastity. It seems to the writer, however, in view of the criminal character of the charge of adultery, and the moral turpitude involved therein it would be proper to allow a respondent so charged to prove her previous good character for virtue and chastity. But it is a sufficient reply to this contention that the adjudicated cases do not seem to authorize such testimony.

In Porter v. Seiler, 23 Pa. 424, it was decided, as stated in the syllabus : " In an action of trespass for injury inflicted with a knife evidence of his general good, peaceable character was not admissible on part of defendant for the purpose of rebutting malice. Evidence of character is not admissible in civil suits except where it is directly in issue, and where from the nature of the issue such evidence is of special importance in the suit trying. Whether the act charged or complained of be indictable or not is not material."

In many of our sister states it seems that evidence of the previous good character of the respondent in divorce cases founded on adultery has been received. And in Massachusetts evidence of the reputation of the alleged co-respondent was received.

But we are controlled by the general trend of the decisions upon analogous cases in Pennsylvania. And they do not seem to sustain the doctrine of 1 Greenleaf on Evidence, sec. 54, and 2 Bishop on Marriage and Divorce, sec. 644.

The second assignment raises the question of the refusal of the court to receive proof of the adultery of the libelant while he was the husband of the respondent. The offer to prove the adultery of the libelant was specific, giving the date. In our opinion it was error to reject this offer, notwithstanding the

fact that the wife had lived with the husband in the marital relation after her alleged knowledge of his adultery. This offer was made under the Act of March 13, 1815, sec. 7, 6 Sm. L. 286, namely : " That in any suit or action commenced in the said court, for a divorce for the cause of adultery, if the defendant shall allege and prove that the plaintiff has been guilty of the like crime, or has admitted the defendant into conjugal society or embraces, after he or she knew of the criminal fact, or that the said plaintiff (if the husband) allowed of the wife's prostitution, or received hire for them, or exposed his wife to lewd company, whereby she became ensnared to the crime aforesaid, it shall be a good defense and a perpetual bar against the same." Now eliminating from this section four of these defenses, which do not relate to the offer in the present case, and we then have the following : " That in any suit or action commenced in the said court, for a divorce for the cause of adultery, if the defendant shall allege and prove that the plaintiff has been guilty of the like crime . . . . it shall be a good defense and a perpetual bar against the same."

The reason moving the learned court below to reject the offer giving rise to the second assignment, seems to be based upon the fact that the respondent admitted the libelant into conjugal society, or embraces, after she knew of the criminal fact. The act recognizes adultery as a crime and provides that it shall be a good defense and a perpetual bar against an action for divorce on the ground of adultery, brought by a libelant who has been guilty of the same crime. If this libelant had committed adultery as stated in the offer, and we must now assume that it could have been proved, he was guilty of a crime, which was a perpetual bar against his action, unless condonation by the wife would operate to relieve him from this disability.

On the consideration of this case the members of the court do not agree upon the question of whether or not it was in the power of the wife to so condone the offense of the husband, if the evidence warranted a finding that he was guilty of adultery, so as to allow him to procure a divorce from his wife for the same offense. But we are all of the opinion that the court erred in not admitting the evidence to sustain the offer giving rise to the assignment under discussion, and then it would be a ques-

tion for the consideration of the trial judge whether the evidence was sufficient to go to the jury on the question of the commission of the crime of adultery by the husband during his marital relations with the respondent, and if such evidence were sufficient then the question would arise thereunder as to the knowledge the wife had of his guilt, and whether or not she had condoned, attempted to condone, or could condone the said offense. In view of the fact that we are not agreed upon this question we have concluded to sustain the assignment and reverse the case and send it back for a new trial, and inasmuch as the evidence may not call for a decision of the question above alluded to we withhold our opinion upon that point until the decision of the question necessarily arises.

In this connection see Costello v. Costello, 191 Pa. 379.

We now come to the fourth assignment which complains of the learned court in refusing the defendant's eighth point. The ground of this refusal was that the question raised by this point was sufficiently covered in the general charge. This point seems to be in accord with the doctrine of some of the text-writers. But in our opinion, it is perhaps a little too technical and refined for the consideration of a jury by a simple affirmance of it. A careful reading of the charge satisfies us that it was plain and adequate, and it is likely that a reading and affirmance of this point would not have aided the jury in reaching a correct conclusion.

The same may be said in substance as to the fifth assignment, and we do not think, in view of the general charge, that the learned judge erred in refusing to read this point to the jury and affirm it.

The assignments are all dismissed except the second, which is sustained, and the decree is reversed with a v. f. d. n.