# Weedon v. Weedon, Appellant.

*Divorce—Adultery—Bill of particulars—Erroneous charge.*

Where a bill of particulars in divorce charges the respondent, the husband, with having committed adultery on three several dates, and there is evidence only of an act committed on one of the dates, and such evidence is meager, it is reversible error for the court to charge the jury that they could find a verdict for plaintiff if they found that the offense charged was committed on the day mentioned by the witness, "or at any other time."

A bill of particulars is an amplification or more particular specification of the matters set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim or defense made and the nature of the evidence.

A libel in divorce grounded on adultery partakes of the nature of a criminal proceeding, and the accused has a right to demand the nature and cause of the accusation against him.

Argued May 8, 1907. Appeal, No. 100, April T., 1907, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1904, No. 34, on verdict for plaintiff in case of Mary Ella Weedon, by her next friend, C. E. Lipscomb, v. Hugh H. Weedon. Before Rice, P. J., Henderson, Orlady, Head and Beaver, JJ. Reversed.

Libel for divorce. Before Kennedy, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were portions of the charge quoted in the opinion of the Superior Court.

*Geo. H. Calvert,* of *Rodgers, Blakeley & Calvert,* with him *Earle P. Carman,* for appellant.—The charge was erroneous : Talley v. Talley, 29 Pa. Superior Ct. 535 ; Rice v. Com., 100 Pa. 28 ; Gilpin v. Howell, 5 Pa. 41 ; Garrat v. Garrat, 4 Yeates, 244 ; Hoffman v. Hoffman, 30 Pa. 417 ; Light v. Light, 17 S. & R. 273 ; Realf v. Realf, 77 Pa. 31 ; Douglass v. Mitchell, 35 Pa. 440.

*S. G. Nolin,* with him *Thomas M. Marshall, Jr.,* for appellee.—There was no error in the charge of the court which directed the jury that they might find adultery at any time within the period of intimacy mentioned in the bill of particulars, there having been produced evidence sufficient to prove adultery at the particular time and place mentioned, and in addition circumstantial evidence sufficient to warrant the inference of guilt from time to time within the alleged period of intimacy, although not at one particular time rather than another: Matchin v. Matchin, 6 Pa. 332.

If it is not necessary to prove adultery in time and place, it cannot be necessary in all cases to allege it in time and place: Realf v. Realf, 77 Pa. 31 ; Gillardon v. Gillardon, 15 W. N. C. 528 ; Imhoff v. Fleurer, 2 Phila. 35 ; Ketcham v. Ketcham, 32 App. Div. 26 (52 N. Y. Supp. 961).

Opinion by Orlady, J., October 7, 1907:

In the libel filed by the wife three distinct grounds or reasons for divorce are specified, to wit: adultery, cruel and barbarous treatment, and indignities to the person. On demand of the respondent, a bill of particulars was filed, and which becomes important in the light of the subsequent trial and verdict. It sets out " that beginning with June 1, 1901, and continuing until about October 1, 1903, the respondent contrived frequently to be in the company of the co-respondent, and was on terms of improper intimacy with her during all that time. Especially was this the case during the months of June, July, August and September of 1901, and July and August of 1902, when he called at her home almost daily, spending the evenings with her there, or accompanying her to some other place. During all the period of said improper intimacy the respondent committed adultery with the named co-respondent as opportunity offered. In particular the respondent committed adultery with the named co-respondent at the following times and places : On or about June 15, 1901, at the respondent's residence ; on or about June 20, 1901, at a certain secluded spot known as Bingham's Woods ; on or about June 1, 1902, at a certain named house of assignation.

On the trial, the second ground mentioned was held by the court not to have been sustained by the evidence and was for

that reason withdrawn from consideration by the jury, and the verdict practically·eliminates the third ground.

In the charge, the trial judge said, as to the first charge, adultery, " It is not my purpose to comment at great length upon this testimony; it seems to me wholly unnecessary to refer to it further than to direct attention to the one specific act, overt act it might be called, alleged to have been committed on or about the 15th of June, 1901. . . . If you should find from this testimony that it was committed at that time, or that he committed adultery with this woman at any other time, then it will be your duty to find for the plaintiff upon that charge.   I have merely mentioned this as the specific act, with all the other acts of this defendant tending to show the intimacy between them, all offered for the purpose of sustaining this charge of adultery committed with the co-respondent on this day in June, 1901, or at any other time. . . . I have said in your hearing that the testimony in support of this charge— of the committing of this specific act on the 15th of June, was meager.   I say that again, but at the same time I must say to you, that is only the opinion of the court, by which you are not bound at all. . . . If you find a verdict for the plaintiff, you must specify whether you find it on the ground that he has committed adultery with the co-respondent, and you must say so by your verdict: in other words, you must find the fact whether he did commit this act of adultery on or about the 15th of June, 1901, or at any other time with this co-respondent. . . . . The question of fact is for your determination, and you are to be satisfied from the testimony of the plaintiff, the burden being upon her to satisfy you that this act was committed either at this time, or at some other time during the alleged intimacy of the parties.   If you should be so satisfied, then it will be your duty to find a verdict for the plaintiff upon that ground."   These excerpts from the charge of the court are the foundation of the first, second, third and fourth assignments of error.   The case was zealously tried by able counsel, and resulted in a verdict as follows: " We find a verdict for the plaintiff on the ground of adultery of the defendant with the co-respondent."

The error complained of is that " the court, in the charge to the jury, did not confine their consideration of the charge of

adultery, alleged to have been committed by the defendant, to the time or times mentioned and alleged in the bill of particulars filed, but that after referring to the offense as alleged to have been committed on or about the fifteenth of June, 1901, the court stated, that if they found the defendant guilty of adultery at that time or any other time they should find a verdict for the plaintiff." The bill of particulars sets out an unlawful intimacy with the named co-respondent during the period from June 1, 1901 to about October 1, 1903 and designates three special dates "on or about June 15, 1901, on or about June 20, 1901, and on or about June 1, 1902" as the times when the offense was committed. The respondent did not ask for more definite specification, and had the right to rely on that furnished so far as it was specific. On the trial the libelant limited her proof of adultery to the occurrence of June 15, 1901, at the respondent's residence, and that fact depended wholly on the testimony of a single witness, whose inability to tell fairly of the conduct of the parties on the date mentioned, or whose entire misunderstanding or perversion of what she did see and hear, caused the learned trial judge properly to instruct the jury that the testimony in support of that charge was very meager. There was no direct or inferential proof of adultery adduced as to the other dates and places. They were not mentioned. We are concerned only on this branch of the case with the charge of the court in the light of the bill of particulars, and the proof adduced under it.

The verdict rendered might have been found, under the instruction "or at any other time," upon testimony which would have sustained a verdict on the charge of "his cruel and barbarous treatment endangering her life," or on the charge of "offering such indignities to her as rendered her condition intolerable and her life burdensome," but these charges were not pressed in the proof and the verdict distinctly eliminated them by finding him guilty of adultery only. There being distinct cause of divorce charged both in the libel and in the bill of particulars (Fay v. Fay, 27 Pa. Superior Ct. 328), the jury should have been confined by proper instructions to such charges in determining the particular one or ones they found the respondent guilty of. It will not do to find him guilty of adultery under proof of the other charges alone.

A bill of particulars is an amplification or more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim or defense made and the nature of the evidence: 3 Ency. of Pleading & Practice, 519, 532. The act requires that the cause of complaint shall be set forth " particularly and specifically."

A libel in divorce grounded on adultery partakes of the nature of a criminal proceeding, and the accused has a right to demand the nature and cause of the accusation against him: Garratt v. Garratt, 4 Yeates, 244; Talley v. Talley, 29 Pa. Superior Ct. 535. The libelant specified the person and the three named dates and places, and went to trial on the issue as made by her own pleadings. By the enlargement of time to " or at any other time," the jury was permitted to read into a verdict something of which there was no evidence given or offered. It is one of the most important elements in the administration of justice that the accused shall have notice of what he has to answer for: Light v. Light, 17 S. & R. 273; Hoffman v. Hoffman, 30 Pa. 417. A verdict rendered without competent evidence to sustain it cannot be permitted to stand: Cauffman v. Long, 82 Pa. 72. Taking all the testimony, there is nothing to show that any other particular act of adultery was relied on than that alleged by the testimony of Anne Schutte, or any other which had sufficient inferential proof to warrant a finding in the libelant's favor of the adultery of the respondent.

The judgment is reversed, and a venire facias de novo awarded.