## Bruch v. Bruch.

*Divorce—Adultery—Bill of particulars—Sufficiency.*

1. Where libellant, in a bill of particulars in divorce, made two specific allegations of adultery by respondent, and in the third allegation averred "that at other times and places between said dates of Sept. 23, 1921, and January, 1921, the respondent committed adultery" with the same person, but averring inability to supply more exact information, it was held that the third allegation was as specific as the nature of the case would allow, and fairly apprised respondent and the court of the nature of the charge and evidence.

2. Doubted, whether respondent was entitled to a bill of particulars before filing an answer.

Divorce. Rule for more specific bill. C. P. Lehigh Co., Jan. T., 1922, No. 3.

*Dewalt & Heydt*, for libellant; *John D. Hoffman*, for respondent.

Reno, J., May 17, 1922.—In response to a rule procured by respondent after the return-day, but before filing an answer, libellant filed a bill of particulars, in the first two paragraphs of which he specified two distinct acts of adultery by mentioning precisely date, place and *particeps criminis*. In the third paragraph he alleged "that at other times and places between said dates of Sept. 23, 1921, and January, 1921, the respondent committed adultery" with a person named, and avers that he cannot now state the exact time and places with greater particularity. Respondent demands a more specific bill, alleging that the last mentioned specification is too vague and indefinite. With this we cannot agree. The first and second paragraphs are admittedly beyond criticism. They fix certainly, definitely and positively the first and last acts of adultery. The third paragraph definitely, certainly and positively fixed a period coincident with the period comprehended by the first two paragraphs, during which other acts of adultery are alleged to have been committed with the same person mentioned in the first two paragraphs. This paragraph, taken and read in connection with the first two paragraphs, and keeping in mind libellant's averment of inability to supply more exact information, is as specific as the nature of the case will allow, and fairly apprises respondent and the court of the nature of the charge and the nature of the evidence: Weedon *v.* Weedon, 34 Pa. Superior Ct. 358. When libellant cannot specify dates, it is proper for him to state between what dates the acts are alleged to have been committed: Ehrhart *v.* Ehrhart, 18 Dist. R. 924. If libellant should, before trial or hearing, secure more definite information, he will undoubtedly notify respondent in advance of trial: Garrat *v.* Garrat, 4 Yeates, 244.

We doubt whether respondent was entitled to a bill of particulars before filing an answer. However, this question not having been raised requires no decision.

Now, May 17, 1922, rule for a more specific bill of particulars is discharged.

                      From James L. Schaadt, Allentown, Pa.