## Keller v. Keller.

*Divorce—Bill of particulars—Rule for more specific bill—Allowance of rule—Act of May 25, 1878.*

1. Under the Divorce Act of May 25, 1878, P. L. 156, a bill of particulars may be furnished under the supervision of the court; the usual practice is to apply to the court for a rule on the libellant, upon the disposition of which, the court will make the proper order, either allowing it or refusing it, as the case may warrant.

2. Where a rule for a bill of particulars was duly allowed, but subsequently a rule for a more specific bill is entered without allowance, the court will not strike off the second rule, where counsel for libellant accepted service of it, filed no exceptions or demurrer thereto, but appeared in court and responded to it by argument.

*Divorce—Bill of particulars—Adultery.*

3. A bill of particulars in divorce should give all the information respecting the time of the commission of the adultery charged in the libel, including dates, places and attending circumstances, and these should be stated as specifically as the circumstances of the case will allow.

*Divorce—Letter referred to in bill of particulars—Oyer of letter.*

4. Where a letter is referred to in a bill of particulars in divorce, oyer of the original will be allowed, so that respondent may inspect it and have photostatic copies of it made, if respondent denies that she ever received such letter.

Divorce *a vinculo matrimonii.* Motion for a more specific bill of particulars. C. P. Columbia Co., Dec. T., 1923, No. 127.

*R. S. Hemingway*, for libellant.

*A. W. Duy* and *John R. Geyer*, for respondent.

POTTER, P. J., 17th judicial district, specially presiding, Aug. 25, 1924.—On Nov. 7, 1923, the libellant filed his libel, praying that he might be divorced from his wife, the respondent, on the ground of adultery. On Jan. 28, 1924, the respondent filed her answer, denying the charge of adultery, and on March 26, 1924, she filed a supplemental answer to the libel. On the same day she entered a rule asking for a bill of particulars, which was duly allowed by the court, upon which a bill was furnished by the libellant. Various stages of pleadings were had, which are not material to the issue herein involved, and on March 26, 1924, a motion for a more specific bill of particulars was presented, which does not seem to have been allowed by the court. Counsel for the libellant, however, accepted service of this motion, and, without any demurrer in the pleadings, argued this motion at argument court, at which time the regularity of the entry of this motion was brought to the attention of the court, not, as was stated by counsel, for the purpose of contesting the regularity of it, but for the purpose of obtaining a ruling of the court upon the regularity of its entry for future practice.

The Act of May 25, 1878, P. L. 156, provides as follows: "In any suit or action in divorce, now pending or that shall hereafter be brought, it shall and may be lawful for the respondent, at any time after the return-day of the subpœna, to enter a rule upon the libellant to furnish a bill of particulars of cause of action, as set forth in the libellant's petition filed," &c. . . .

### Keller v. Keller.

Under this act, a bill of particulars may be furnished under the supervision of the court, the usual practice of which is to apply to the court for a rule on the libellant, upon the disposition of which, the court will make the proper order, either allowing it or refusing it, as the case may warrant.

In 19 Corpus Juris, 123, § 324, we have it laid down as a *dictum* that "a bill of particulars may be ordered in the discretion of the court," which clearly indicates that it *may* be allowed by the court. Were this not the case, and if it were allowable by the entry of a rule or motion in the prothonotary's office as a matter of course, as is allowed in some instances in other species of litigation, the libellant might be subject to no end of harassing by a respondent who might desire to delay matters for various causes. Therefore, so far as we have been able to consult the authorities, as well as from observation in practice, a petition should first be presented to the court asking for a rule, the same as in other cases.

In Butler v. Butler, 1 Pars. Select Equity Cases, 329, it was held that the court might require a written specification of the charges. Then, again, all cases are under the general supervision of the court during their various stages.

In the case at bar it appears from the pleadings that the rule for a bill of particulars was issued in regular form by an allowance of the court. The rule or motion for a more specific bill was not allowed by the court, and, we think, was not regular. However, as counsel for the libellant accepted service of it, filed no exceptions or demurrer thereto, and appeared in court and responded to it by argument, any irregularity in it has been waived, and it stands upon the records fully recognized as are all the other pleadings filed in the case. And this brings us up to the consideration of the motion.

A bill of particulars should give all the information respecting the time of the commission of the offence charged in the libel at the command of the libellant, including dates, places and attending circumstances. In the case of Steele v. Steele, 1 Dallas, 409, it was held that notice should be given of the commission of acts of cruelty intended to be proven between two specific dates. See, also, 4 Troubat & Haly's Practice, 3359. In the case of Bruch v. Bruch, 2 D. & C. 54, it was held that when specific allegations of adultery are alleged, and the further allegation set out "that at other times and places between the dates of Sept. 23, 1920, and January, 1921, the respondent committed adultery" with the same person, but inability to supply more exact information was averred, this allegation was as specific as the nature of the case would allow, and fairly apprised the respondent of the charge and the evidence.

A bill of particulars is an amplification or more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the court and the opposite party of the nature of the claim or defence made and the nature of the evidence. The act requires that the cause of complaint shall be set forth "particularly and specifically:" Weedon v. Weedon, 34 Pa. Superior Ct. 358.

Where the libel charges adultery with a certain person and other lewd women unknown, the times, places and attendant circumstances should be specified before trial without requisition; and if their names become known, the same should also be specified. The party failing herein should be confined in the evidence to acts of adultery committed with the party named: Garrat v. Garrat, 4 Yeates, 244.

Keller v. Keller.

In the case at bar the libellant, in the bill of particulars, gives all the information at his command, and he states that all the specific information he has was acquired from the respondent and the co-respondent by a confession made to him in the presence of each other at Harrisburg on Sept. 10, 1923, they, however, giving him no dates or places of the commission of the offence charged. He states that the alleged adultery was committed with James K. Loewen, who is named as the *particeps criminis*. That the adulterous practices between the said Loewen and the respondent began some time in December, 1922, and continued, at various intervals, up to Sept. 10, 1923; that at various times between December, 1922, and July 14, 1923, the respondent visited the said Loewen at his dental offices in Bloomsburg, and there committed adultery with him; that on or about June 13, 1923, they stayed together at a hotel while on a trip to New York and Philadelphia, occupying the same room over night, on which trip they were away three days; that on July 2 and 3, 1923, they went for an auto ride, at Bloomsburg, when they again committed adultery; that at various times from December, 1922, to July 14, 1923, they met in Hemlock and Mt. Pleasant Townships, in Columbia County, near the homes of Edward Sterner and ———— Wolfe, and there again committed adultery; that on July 14, 1923, they took a trip to New York, and on July 21, 1923, to West Point, and then and there again committed the said offence.

Here we have the commission of adultery charged on three or four specific dates at three or four specific places, any one of which, if proven, would justify the entry of a decree of divorce, with the name of the co-respondent given. We fail to see how the bill of particulars relative to these three or four occurrences could well be more specific, especially so, since the information, so the libellant alleges, at his command, was obtained from the respondent and from the co-respondent by way of a confession made to him in the presence of each other, and the commission of this offence, as laid between certain dates, as stated by the libellant, is permitted to stand in view of certain specific dates and places having been given. Standing alone, they would not be sufficient. We, therefore, think the bill of particulars sufficiently specific, especially so, since the libellant has given all the information at his command and has promised to furnish additional information which he may acquire.

In the bill of particulars filed is what is alleged to be a copy of a letter written by the co-respondent to the respondent. The respondent craves oyer of the original. Oyer is defined to be, in modern practice, "a copy of a bond or specialty sued upon, given to the opposite party, in lieu of the old practice of reading it:" 29 Cyc., 1551.

The reception of this letter is denied by the respondent, and oyer is craved of the original, to the end that she may inspect it and have photostatic copies of it made. We think that, under certain conditions, this would be no more than fair and proper, the said letter to be examined and tested and photostatic copies made of it in the presence of counsel for the libellant.

And now, to wit, Aug. 25, 1924, for the reasons herein set forth, the motion for a more specific bill of particulars is denied, and it is ordered and directed that the respondent and her counsel be permitted to inspect, examine, test and have photostatic copies of the letter marked as Exhibit "A" in the libellant's answer to rule for a bill of particulars made at her expense, the same to be done in the presence of the libellant's counsel, or in his presence, or in the presence of both, at least thirty days before the case is heard by a master, or by the court, or by the court and a jury.