# Rosen *v.* Lis, Appellant.

*Assumpsit—Assumpsit for money loaned—Evidence—Evidence of good reputation in civil cases—Cross-examination.*

Evidence of the good reputation of a party is not admissible in a civil suit unless his character has first been attacked, or the nature of the action is such that character is directly involved.

A witness may not be cross-examined as to matters not relating to his examination in chief and wholly irrelevant to the issue being tried.

*Appeals—Technical errors.*

Judgments will not be reversed because of technical errors which do not affect the merits of the case.

*Appeals—New trial—After discovered evidence—Depositions.*

When, on an appeal from the refusal of the lower court to grant a new trial on the ground of after discovered evidence, the appellate court is not convinced that the testimony contained in the depositions taken in support of the motion, would change the result on a new trial, the appeal will be dismissed.

Argued November 13, 1925.  Appeal No. 304, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, October T., 1923, No. 693, in the case of Sara Rosen v. John Lis.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for money loaned.  Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $984 and judgment thereon.  Defendant appealed.

*Error assigned,* among others, was the various rulings on evidence and the refusal to grant a new trial.

*Morton Witkin,* and with him *L. Wallace Egan,* for appellant.

*William T. Connor,* and with him *John R. K. Scott,* for appellee.

OPINION BY PORTER, J., April 30, 1926:

This is an action of assumpsit by plaintiff to recover money alleged to have been loaned the defendant. The case presented a single question of fact, had the plaintiff so loaned the money to the defendant. The evidence was conflicting and the case was submitted to the jury by the learned judge of the court below, in a charge to which no exception was taken and which it is not here contended was either erroneous or inadequate. The trial resulted in a verdict in favor of the plaintiff, upon which judgment was entered, and the defendant appeals.

Counsel for both plaintiff and defendant at the trial failed to confine the testimony presented to the facts really involved in the case. This has resulted in the presentation here of many assignments of error, few of which merit serious consideration. The defendant offered to prove his general reputation "for being an honest, truthful person." The court sustained an objection to the offer. The plaintiff had not attempted a direct attack on the reputation of the defendant, nor had there been an indirect attack by the introduction of evidence, nor by slurs and insinuations thrown into the jury box by abuse of cross-examination of the defendant. There must first be an attack on the reputation before evidence as to the general reputation of a witness is admissible. When there is not such an attack and there has not been an abuse of the right to cross-examine, and the action does not in its nature directly involve the question of character, as in libel or slander, evidence of good reputation is not admissible, under the rule in Pennsylvania: Insurance Company v. Hazen, 110 Pa. 530; Talley v. Talley, 29 Pa. Superior Ct. 535. The first assignment of error is overruled. The second, third and fourth assignments refer to rulings of the court sustaining objections to questions by counsel for the defendant asked in the cross-examina-

tion of the plaintiff. These questions related to matters as to which the plaintiff had not testified in her examination in chief and which were totally irrelevant to the issue being tried, and the court did not err in sustaining the objections.

The fifth, sixth, seventh, eighth, ninth and tenth assignments of error complain that the learned judge overruled objections to certain questions asked of the defendant in cross-examination. The testimony brought out by these questions was altogether irrelevant, and the court might very properly have sustained the objections to the questions. Judgments are not to be reversed, however, because of technical errors which do not affect the merits of the case. We have examined the testimony of the defendant referred to by these assignments of error and are not convinced that such testimony could have worked any injury to the cause of the defendant. The trial judge did not err in sustaining objections to the introduction of evidence, which rulings are the subject of the eleventh, twelfth, thirteenth and fourteenth assignments of error, as the testimony sought to be introduced was totally irrelevant.

The defendant took voluminous depositions in support of his motion for a new trial, upon the ground of after discovered evidence, the refusal of which motion is the foundation for the fifteenth assignment of error. Nearly all of the testimony contained in these depositions had no bearing whatever on the issue involved, while such small part of the depositions as was relevant to the matters in issue was strictly cumulative. We are not convinced that had a new trial been granted and the small part of the testimony contained in these depositions which was relevant to the issue had been presented to another jury, it could have resulted in a different verdict. We would not be war-

ranted in finding that the judge of the court below was guilty of an abuse of discretion in refusing the motion for a new trial, and the specification of error is dismissed.

The judgment is affirmed.