## Mowrey v. Mowrey

*J. Boyd Landis,* for libellant.

*Caldwell, Fox & Stoner* and *Mark E. Garber,* for respondent.

REESE, P. J., October 14, 1935.—This is an action for divorce on the ground of desertion. The respondent has filed an answer admitting that she left the libellant but seeking to justify the alleged desertion by the cruelty and indignities of the libellant, which are set forth in the answer in general terms. The libellant has filed a petition for a rule to compel the respondent to file a bill of particulars wherein shall be set forth in detail the alleged cruelty and indignities. In her answer to the rule the respondent claims that she cannot be required to file a bill of particulars.

Section 40 of The Divorce Law of May 2, 1929, P. L. 1237, provides:

"In any suit or action in divorce, it shall be lawful for the respondent, at any time after the return of the subpoena, to enter a rule upon the libellant to furnish a bill of particulars of the cause of action as set forth in the libellant's petition filed, and, if the same be not furnished by the libellant within thirty days after service of notice of the rule entered, unless the court shall, upon cause shown, extend the time, the court shall enter a judgment of non pros."

The respondent contends that under this provision the legislature has seen fit to require a bill of particulars from the libellant alone, and that, since the statute is silent on the matter, the court has no authority to require a respondent to file a bill of particulars.

The answer to this contention is that the power to require a bill of particulars is inherent in the court, hence the court need not point to a statute expressly conferring the power. Section 40 of The Divorce Law, supra, was a reënactment of the provisions of the Act of May 25, 1878, P. L. 156, prior to which the courts constantly required libellants to file bills of particulars. Hence the

courts had the power to require a bill of particulars from a libellant before that act, and that act did not confer the power upon the courts. The effect of the Act of 1878, supra, and its successor, section 40 of The Divorce Law of 1929, supra, was that under the statute a bill of particulars from a libellant was a matter of right, while prior thereto a respondent could procure a bill of particulars from a libellant only by rule granted by the court: St. Mary's Borough v. Costello et al., 20 Dist. R. 777. Another effect of the foregoing legislation was to change the penalty for the libellant's failure to file a bill of particulars. Under the statute, the penalty is judgment of non pros. Prior to the Act of 1878, supra, the penalty was that the libellant could not freely offer evidence to sustain the allegations of the libel: Light v. Light, 17 S. & R. 273.

Hence we conclude that the court has inherent power to require a respondent in a case like the present to file a bill of particulars. Since there is no statute regulating the matter, as there is in the matter of requiring a bill of particulars from a libellant, a bill of particulars from a respondent is not a matter of right but must be sought by rule granted by the court, and, further, the penalty for the failure of a respondent to file a bill of particulars, when required to do so by the court, is a restriction on the evidence which can be offered by the respondent.

This conclusion is not without authority. In 49 C. J. 625, 627, it is said:

"It is a matter for the sound discretion of the court whether under the circumstances of the case a demand for a bill of particulars should be granted or refused. This power of the court exists by virtue of its general power to regulate the conduct of trials, and it is incident to its general authority in the administration of justice. . . . a bill of particulars may be . . . required of allegations of a defense, whether the allegations in fact constitute an adverse claim, or an affirmative defense, or consist merely of matter effectual only as a defense."

In Woodward on Motions and Rules in Pennsylvania, a recent work, in discussing the subject of bill of particulars in divorce, it is said, at page 703: "It applies to the respondent as well as to the libellant but only where there is an affirmative defense."

In Weedon v. Weedon, 34 Pa. Superior Ct. 358, 362, which was a divorce action, the Superior Court said:

"A bill of particulars is an amplification or more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim *or defense made* and the nature of the evidence" (italics ours).

More particularly, it is indicated in Wagenseller v. Wagenseller, 49 Pa. C. C. 34, and Weimer v. Weimer, 1 Pears. 539, that a respondent may be compelled to file a bill of particulars. Finally, in a case exactly like the present, wherein the libellant alleged desertion and the respondent alleged cruelty, etc., as justification, the court required the respondent to file a bill of particulars: Piersol v. Piersol, 9 D. & C. 547, the court saying, at page 548:

"Where, however, general allegations are made by either of the parties in a proceeding in divorce, the other may ask for a bill of particulars. . . . This general doctrine has always been applied to both libellants and respondents in proceedings in divorce. Each may be required to accurately specify the particulars relied on by way of claim or defence".

Hence we hold that where a divorce is sought on the ground of desertion, and the respondent alleges cruelty or indignities as justification, the libellant is entitled to and the court has power to grant, upon petition and rule, a bill of particulars. The respondent must file a bill of particulars, setting forth the various acts of cruelty or

indignities complained of in her answer with reasonable certainty as to time and place.

### Order

And now, October 14, 1935, the rule to require the respondent to file a bill of particulars is made absolute and the respondent is directed, within 30 days from this date, to file a bill of particulars in accordance with the opinion filed herewith and to serve a copy thereof upon the libellant or his counsel.

From Francis B. Sellers, Carlisle.