## Charlesworth v. Charlesworth

*Daniel M. Garrahan*, for libellant.
*Charles M. Bolich*, for respondent.

HENNINGER, P. J., November 17, 1947.—Libellant filed a libel in divorce against respondent charging that "on June 1, 1947, respondent committed adultery with one Millard Keiper of Blakeslee, Monroe County, Pa., in the home of said Millard Keiper".

Respondent ruled libellant for a bill of particulars, whereupon libellant filed an averment in the same words as in the libel. When ruled for a more specific bill of particulars, libellant stood on the charge as stated and the matter is now before the court upon the question of the particularity of the accusation.

Both sides have cited Weedon v. Weedon, 34 Pa. Superior Ct. 358, in reliance upon the following language (p. 362):

"A bill of particulars is an amplification or more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim or defense made and the nature of the evidence: 3 Ency. of Pleading & Practice, 519, 532. The act requires that the cause of complaint shall be set forth 'particularly and specifically'."

The only dispute between the parties is whether respondent can demand from libellant the names of the witnesses by which he intends to prove his charge.

The quoted portion of the Weedon opinion clearly states that the opposite party and the court should be fairly apprised "of the nature of the evidence". When we study the opinion itself, however, we find that in that case there was a bill of particulars which was given tacit approval by the Superior Court and that that bill of particulars contained no more information than is contained in the libel in our case.

The error in the Weedon case consisted in the court's permitting the jury to bring in a verdict against respondent if they found she committed adultery on a date set in the bill of particulars, "or at some other time". By necessary implication, if the jury had been confined simply to a date set in the bill of particulars, their verdict would have been good. That bill charged that she committed adultery with a named respondent, to wit, "on or about June 15, 1901 at the respondent's residence".

Under these circumstances we believe that respondent is in possession of all the information to which she is entitled, having been given a specific date and name

of corespondent and the very house in which the act was alleged to have been committed. Under our procedure of adjourned hearings, there is little possibility of damage from surprise witnesses, since the opposite party always has an opportunity to investigate the truth of their testimony.